## MARK C. FELCH *vs.* DAVID HOOPER & another.

Middlesex.   Jan. 12. — Oct. 23, 1875.   AMES & ENDICOTT, JJ., absent.

Where a person, who has entered into a written contract for the purchase of land, has paid or tendered the consideration, and by the owner's permission has entered upon the land and made improvements thereon, the land is charged with an implied trust in his favor; and a court of equity may, if the owner has never been a resident of this state, and no service is made upon him here, appoint a trustee, under the Gen. Sts. c. 100, § 15, to convey the same in such manner as it may require.

BILL IN EQUITY filed December 2, 1873, against David Hooper and Matilda H. Hooper, of Portland, in the State of Maine, alleging the following facts :

On August 16, 1873, David Hooper executed and delivered to the plaintiff a bond, a copy of which was annexed to the bill, and was as follows :

" Know all men by these presents that I, David Hooper, of Portland, county of Cumberland and State of Maine, am holden and stand firmly bound unto Mark C. Felch, of Somerville, county

of Middlesex and State of Massachusetts, in the sum of five thousand dollars, to the payment of which to the said obligee or his executors, administrators or assigns, I do hereby bind myself, my heirs, executors and administrators.

" The condition of this obligation is such that whereas the said obligor has agreed to sell and convey unto the said obligee a certain parcel of real estate situated on Wallace Street, in Somerville, aforesaid, and bounded as follows, [describing it.]

" The same to be conveyed by a good and sufficient warranty deed of the said obligor, conveying a good and clear title to the same, free from all incumbrances.

" And whereas for such deed and conveyance it is agreed that the said obligee shall pay the sum of eighteen hundred dollars, of which one hundred and fifty dollars are to be paid in cash upon the delivery of this bond, and the remainder, bearing interest after sixty days at the rate of eight per cent. per annum.

" Now therefore if the said obligor shall, upon tender by the said obligee of the aforesaid cash at any time within ninety days from this date, deliver unto the said obligee a good and sufficient deed as aforesaid, then this obligation shall be void, otherwise it shall be and remain in full force and virtue."

On the delivery of the bond the plaintiff paid to David Hooper the sum of $150, as required by the terms of the bond.

In view of the sale made to him as aforesaid and soon after the execution and delivery of the bond, David Hooper verbally authorized the plaintiff to enter upon the land and erect dwelling-houses thereon in such manner as the plaintiff might deem fit and proper, and thereupon the plaintiff proceeded to erect such buildings and has almost completed one house on one of said lots, and has laid the foundation of another house on the other lot, and has laid out and invested therein a large sum of money, in the whole, nearly $2,500.

At and before the expiration of the ninety days mentioned in the bond, which expired on November 14, 1873, the plaintiff was ready to pay the balance of the purchase money, as therein provided; but as Hooper had not paid the annual taxes assessed upon the land by the city of Somerville on May 1, 1873, which constituted an incumbrance thereon, and did not pay the same until November 21, he could not before said last named day have given

a deed of conveyance in accordance with the terms of the bond. On that day, immediately after the payment of the taxes by David Hooper, the plaintiff offered and tendered to him the whole balance of the purchase money for the land then remaining due to him according to the terms of the bond, and demanded from him a conveyance of the land which David Hooper refused.

The bill then averred on information and belief that afterwards on the same day, Hooper caused a deed to be recorded in the registry of deeds, purporting to be a conveyance of the land from him to the defendant Matilda H. Hooper, his mother; that this conveyance was merely colorable and without consideration, and made with the fraudulent intention of compelling the plaintiff to pay an increased price for the land or to lose the buildings which he has erected thereon.

The prayer of the bill was that the defendants be ordered by a decree of the court to execute, acknowledge and deliver to the plaintiff a deed of conveyance in conformity with the terms of the bond, on payment of the balance of the purchase money ; and for further relief.

On December 6, 1873, an attested copy of the bill was served on the defendants at Portland, in the State of Maine.

On February 2, 1874, the defendants demurred to the bill on the ground that the court had no jurisdiction over them.

On February 17, 1874, the plaintiff filed an amendment to the bill, alleging that the contract by which David Hooper sold the land in question to the plaintiff, was entered into and concluded between the latter and an agent of David Hooper in Somerville, and was intended to be carried out in this Commonwealth ; that David Hooper was at Somerville in person at the time when the taxes were paid by him and when the offer and tender of the balance of the purchase money were made to him by the plaintiff; that on the same day, David Hooper acknowledged the deed to Matilda H. Hooper, before a justice of the peace in said county of Middlesex, and caused the same to be placed on record while Matilda H. Hooper was at her home in Portland ; that since that time the defendants have pretended that David Hooper had actually sold the land to Matilda H. Hooper, but David Hooper has proposed and offered that if the plaintiff would pay a sum much larger than the price stipulated for in the bond, he would

procure a conveyance of the land from Matilda H. Hooper to him; that after the execution and delivery and recording of said bond and a payment of a part of the purchase money as therein provided, and especially after the said tender of the remainder of the purchase money, which he is and has been ready to pay, the said David Hooper held and the said Matilda H. Hooper now holds the title to said land, and is seised thereof upon a trust for the benefit of the plaintiff; that the defendants have constantly and fraudulently refused to make a conveyance thereof to him, though often requested so to do, unless he would pay a large sum in addition to the price agreed upon; and now, in pursuance of a fraudulent scheme by them conceived to compel the plaintiff to pay an increased price for the land or lose the improvements he had made thereon by consent of David Hooper, before the time when he should have conveyed the same to the plaintiff, and also lose that portion of the purchase money paid on delivery of the bond, the defendants, though duly notified of this suit, refuse to answer the plaintiff's bill and refuse to submit themselves to the jurisdiction of this court, and remain obstinately without the Commonwealth.

The prayer of the amended bill was that the said land may be decreed to belong beneficially to the plaintiff, and that some proper person may be appointed and authorized to convey to him the legal title thereof, and that the balance of the purchase money now remaining in his hands, after deducting therefrom the costs of this suit, may be safely deposited or invested under the direction of this court, to be paid over or transferred to the defendants, only upon the execution and delivery by them of a proper deed or deeds to convey or confirm the title of said land to the plaintiff, and for further relief.

The defendants thereupon demurred to the amended bill, assigning as ground of demurrer " that it appears by the plaintiff's own showing that this court has no jurisdiction of the parties defendant in this bill or either of them, and that there has been no legal and sufficient service of the same on said defendants or either of them to authorize this court to take jurisdiction therein."

The case was reserved by *Colt,* J., for the consideration of the full court, upon the bill as amended and the demurrer.

*A. C. Buzzell*, for the defendants. Neither of the defendants is, or ever has been, an inhabitant of this state, nor, at the time this bill was filed, was either within this state, nor was any service made on either of them within the jurisdiction of this court. Under such circumstances, this court has decided that a bill for the specific performance of a contract to convey land within the state, cannot be maintained. *Spurr* v. *Scoville*, 3 Cush. 578. *Moody* v. *Gay*, 15 Gray, 457.

The bill does not show the existence, at any time, of such a trust as is contemplated by the Gen. Sts. c. 100. That statute was intended to apply only to trusts formally created by deed, or raised by necessary intendment in wills, and has no reference whatever to contracts like this, or to constructive or resulting trusts, the existence of which is in doubt or disputed, as in the case at bar. It was not intended to apply where issues of fact are to be tried, but only where the trust relation is conceded. Where such issues are to be tried, the court must have jurisdiction of the person. The " sale " and " conveyance " referred to in the statute, relate to sales for reinvestment and conveyance for that purpose, or to trustees not under the disabilities named in § 15. The Legislature practically adopted this view in giving Probate Courts original jurisdiction " over all matters relating to the sale of trust estates, of which the Supreme Judicial Court now has exclusive jurisdiction." St. 1869, c. 331. *Dana* v. *Petersham*, 107 Mass. 598, 602. Perry on Trusts, §§ 25–27.

*G. W. Park & G. F. Piper*, for the plaintiff.

COLT, J. The question raised by this demurrer is not whether a contract for the conveyance of land in this Commonwealth can be specifically enforced against a defendant upon whom no service is made within this state, and who is not and never has been a resident. That question was decided in the case of *Spurr* v. *Scoville*, 3 Cush. 578.

The question here is whether under such a contract in writing the plaintiff who has paid or tendered the consideration, and has by the defendant's permission entered upon the land and made improvements thereon, can under our statutes, upon the allegations of this bill, enforce his equitable title to the land in any form.

In *Spurr* v. *Scoville*, it was said that the only effectual decree, which could be rendered upon the allegations in that case, would require a conveyance of the land in question by the defendant personally; and that courts of equity would not proceed in a cause, where the decree asked for required an absent defendant, not subject to their jurisdiction, to be active in its performance, but could deal only with persons who could be compelled by process to obey their orders. The decision is placed expressly on the ground that the suit was a proceeding *in personam* merely, in which no decree was sought against the property, and no allusion is made to statutory provisions which upon proper allegations might perhaps have afforded relief.

The case at bar differs in this respect, and the plaintiff seeks to enforce an equitable right in the land itself. The bill, as amended, avers that the contract relied on and the payment and other facts alleged were sufficient to charge the land with a trust in the plaintiff's favor, which the defendants refused to perform by refusing to make the required conveyance. And a prayer is added that the land may be decreed to belong beneficially to the plaintiff, and may be conveyed to him by some person duly appointed by the court. To the bill as amended there is a special demurrer on the ground that the court has no jurisdiction of the parties.

The doctrine is well established in equity that from the time a valid contract for the sale of land is made, that which ought to have been done is treated, as between the parties, as already done; and the seller and his representatives, and subsequent purchasers from him with notice, will be held to be trustees for the purchaser, for the purpose of affording the latter a remedy against the estate. *Atcherley* v. *Vernon*, 10 Mod. 518, 527. *Daniels* v. *Davison*, 16 Ves. 249, 255. *Waddington* v. *Banks*, 1 Brock. 97. Lewin on Trusts, (3d ed.) 174, 175.

Our statutes give this court power to enforce the performance of a contract for the sale of land, made by a deceased person, and to order the executor or administrator to make a conveyance, which it is declared shall have the same force and effect as if made by the person who made the agreement to convey, thus giving effect to the deed of the legal representative although the legal title is in the heirs at law, and treating the subject matter

of the contract as personal or real, according to the character which has been given to it by its terms. Gen. Sts. *c.* 117, §§ 5, 6.

Upon the facts stated in this bill, the land in question is charged with an implied trust in the plaintiff's favor; and the court is not powerless to enforce that trust, merely because the parties holding the legal title are beyond its reach. It is said that courts of equity will never allow a trust to fail for want of a trustee. Such a trustee this court is now authorized to appoint, by a statute which provides that when a person, seised of an estate upon a trust express or implied, is out of the Commonwealth, or not amenable to the process of any court therein having equity powers, this court shall have power to order a conveyance to be made thereof in order to carry into effect the objects of the trust, and may appoint some suitable person in the place of the trustee to convey the same in such manner as it may require. Gen. Sts. *c.* 100, § 15.

This statute expressly includes implied trusts, and cannot be confined in its application to trusts which are created by deed or will and do not depend upon the proof of facts which may be open to dispute. *Walsh* v. *Walsh*, 116 Mass. 377. Most implied trusts are of the latter description. The statute gives the court power to render an effectual decree, and that is enough to sustain the jurisdiction when the parties or the subject matter are within its reach. *Ward* v. *Arredondo*, Hopk. Ch. 213. The decree will be binding on absent parties to the extent of its effect on the land only, even though all parties interested have been notified in accordance with the rules of court. In other states, under similar statutes, similar relief is granted. *Matteson* v. *Scofield*, 27 Wis. 671. *Rourke* v. *McLaughlin*, 38 Cal. 196.

Upon this demurrer the existence of the trust must be assumed, and the entry must be                    *Demurrer overruled.*