## Case No. 4,717.

FELCH v. HOOPER et al.

[15 Alb. Law J. 333.]

Circuit Court, D. Massachusetts. April 13, 1877.

## Case No. 4,718.

FELCH v. HOOPER et al.

[4 Cliff. 489.] [1]

Circuit Court, D. Massachusetts. May Term, 1878.

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

A. G. Stinchfield, for respondents.

G. W. Park, for complainant.

CLIFFORD, Circuit Justice. Frequent cases arise in which the exceptions to a master's report require some reference to the original pleadings and proceedings, in order that the alleged errors imputed to the master may be fully understood. Enough appears in the pleadings and proofs to show that the suit was removed from the state court into the circuit before the merits of the controversy were decided. By the record it appears that the respondents executed a bond to the complainant, conditioned for the conveyance to the complainant of certain real estate by a deed of warranty, sufficient to vest in the latter a good and clear title to the premises, free and clear from all incumbrances, upon the payment to the complainant by the obligor in the bond of eighteen hundred and fifty dollars, as therein specified. Controversy arose between the parties, and the complainant instituted the present suit in the state court. Service was made, and the respondents appeared and demurred to the bill of complaint. Hearing was had, and the state court overruled the demurrer, and decided that the premises were charged with an implied trust in favor of the obligee in the bond, it appearing that he had paid or tendered the sum stipulated to be paid, and had entered into the possession of the land, and made improvements by the permission of the owner. Felch v. Hooper, 119 Mass. 52.

Immediate removal of the cause was made into the circuit court, where the respondents appeared and filed an answer. [See Case No. 4,717.] Subsequent to the hearing, the circuit court entered a decree that the stipulations of the bond ought to be specifically performed and carried into execution, and that the complainant is entitled to have a good and sufficient conveyance of the land, and that the respondents should give their deed of the same, with all the covenants of title usually inserted in warranty deeds by the custom and practice of the state. Appended to the same is the further decree, that the cause be referred to John G. Stetson, Esquire, one of the masters of the circuit court, to inquire and report what amount of principal and interest is due and payable from the complainant to the re-

spondents, and to tax the plaintiff his costs of suit in the circuit court, anu also in the state court from which the cause was removed. Directions were also given to the master, in the decree. as follows, to wit: that he, the master, shall deduct the amount of all such costs from the amount due in respect of the purchase-money of the land described in the bond, and the further decree is, that, upon the complainant's paying into the registry of the court the balance of the purchase-money, after the deduction of such cost, the respondents, including the obligor of the bond and his mother. to whom he had conveyed the premises, execute, acknowledge, and deliver to the complainant, such deeds of conveyance as, in the opinion of the master, shall be adequate and sufficient to vest in him a clear and perfect title to the premises, free and clear from incumbrances. Inquiries were to be made by the master, and the decree directed that the evidence taken for the trial of the cause in chief might be used before the master, as far as it was pertinent to such inquiries, and that the master should report upon the matters referred for his consideration.

Pursuant to the decretal order, the master heard the parties, and made the report to which the exceptions under consideration are addressed. They are all embraced in one general statement, which, for convenience, is divided into propositions as follows:—

1. To the refusal of the master to report the evidence or make findings of fact, as requested.

2. To the master's refusal to allow interest on the bond, according to its terms and conditions, as required by the decree.

3. To his refusal to find and determine, as matters of law, that the alleged tender had not been kept good by the complainant.

4. To the allowance of the costs taxed in the state court.

5. To the amount of costs, and to the charge of the master for his services.

Masters have no right to review, reject, or disregard the decision, order, or directions of the court contained in the decretal order under which they are appointed. Instead of that they are bound to obey, follow, and carry into effect all such decisions, orders, and directions. Apply that rule to the case before the court, and it disposes of most of the questions raised by the exceptions. Courts of equity, in certain cases, may give the parties a new hearing, but nothing of the kind will be allowed in the hearing of exceptions to a master's report. Applications for review in law or in equity, and hearings upon exceptions to a master's report, are altogether different proceedings, and cannot be blended either in argument or decision. Argument to support the two preceding propositions is quite unnecessary, as their correctness is self-evident, and they are sufficient to show that it was the duty of the master to follow and obey the directions of the decretal order. All the exceptions not covered by the foregoing propositions have been carefully examined, and are hereby overruled upon the ground that the rulings and decisions of the master are correct, including the charge for his services which is deemed to be just and reasonable.

Decree for the complainant, that the exceptions to the master's report are overruled, and that the report of the master be, and the same is, hereby confirmed.