## John G. Sherburne *vs.* William W. Morse.

Middlesex.   Nov. 15, 1881. — March 30, 1882.   Morton, C. J., W. Allen
& C. Allen, JJ., absent.

B. purchased real and personal property in his own name, and held it in trust for the use and benefit of a firm, in which he and A. were the partners. An agreement was afterwards entered into between B. and C. by which B. became bound to convey the property to C. within a given time, upon payment of a certain sum and the performance of certain other stipulations. This agreement was entered into by the request and for the benefit of A., and was taken and held by him. It contained no reference to the partnership or to the termination of the trust upon which B. then held the land. The money was not paid within the time allowed, and by its express terms the agreement thereby became "void and null." *Held,* that the execution of the agreement was not a bar to the maintenance of a bill in equity by A. against B. to have the property decreed to be held by B. in trust for the firm.

Bill in equity to have certain real and personal estate, purchased in the name of the defendant, decreed to belong to a firm composed of the plaintiff and the defendant, and to be held in trust by the defendant for the benefit of the firm. Hearing before *Devens,* J., who found for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*D. S. Richardson & A. G. Lamson,* for the defendant.

*G. Stevens & C. H. Conant, (J. H. Carmichael* with them,) for the plaintiff.

Endicott, J. It appears from the exceptions that the parties were partners, and that the property in question, which included both real and personal estate, was purchased in the name of the defendant, and was held by him in trust for the use and benefit of the firm. It also appears that an agreement was made between the defendant and Frank B. Sherburne, whereby the defendant became bound to convey the property so held in trust to him within a given time, upon payment of certain sums of money and the performance of certain other stipulations. It was entered into by the request and for the benefit of the plaintiff, and was taken and held by him. It contained no reference to the partnership or to the termination of the trust upon which the defendant then held the land for the firm. The money was not paid within the time allowed, and by its express terms the agreement thereby became "void and null."

After the agreement was executed, and while it continued in force, the defendant held the land still upon trust, for he was bound to convey it according to the terms therein contained. *Felch* v. *Hooper*, 119 Mass. 52. It was the substitution of a new and somewhat different trust, the evident purpose of which was the settlement of the partnership affairs. But when there was a failure to carry out the agreement, and it became "void and null," the defendant was no longer held as trustee under the special trust created thereby. The title then stood in his name as before the agreement, not an absolute title in himself, for he never had an absolute title, but in him as trustee for the firm.

The presiding judge therefore could not properly rule, as requested, that the execution of the agreement was a bar to the maintenance of the bill.                *Exceptions overruled.*