ALEXANDER G. RYDER *vs.* MARY F. LOOMIS & another.

Barnstable.    December 12, 1893. — March 28, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equity — Conveyance of Land — Memorandum of Sale — Trust — Laches — Statute of Limitations — Bar.*

The description, in a memorandum of sale given by A. to B. of the property sold, as "my right in B. R.'s (my father) estate," if the only real estate which B. R. owned was his homestead in a certain town, which he devised in equal shares to A. and B., is sufficient, within the statute of frauds, Pub. Sts. c. 78, § 1.

A homestead estate was devised in equal shares to A. and B., children of the testator. In 1876, B. signed a memorandum of sale of his share of the estate to A., who thereupon paid B. the price named in the memorandum, which stated no time for performance, and entered into possession of the estate, made permanent improvements thereon, and continued in possession thereof. The testator left debts to a considerable amount and personal property insufficient to pay them, and A. paid the same and discharged the estate from them. In a correspondence between A. and B., the latter expressed his willingness more than once, and as late as 1885, "to stand by" the agreement of sale, and did not refuse to convey to A. until 1889. *Held,* upon a bill in equity brought in 1892 by A. against B. to compel a conveyance of B.'s share of the estate to A., that B. held the legal title as trustee for A.; that the defence of laches had no application; that the statute of limitations did not operate as a bar: and that the bill could be maintained.

The entry of judgment for the tenant in a real action, in which he pleaded *nul disseisin,* is not a bar to a bill in equity by the demandant, to compel the tenant to convey the same land to him, upon the ground of an implied trust arising out of an agreement to sell the land.

BILL IN EQUITY, filed in the Superior Court on April 29, 1892, against Mary F. Loomis and F. A. Loomis, her husband, to compel them to convey to the plaintiff their interest in a certain estate in Yarmouth, upon the ground of an implied trust arising out of the following instrument: " To whom it may concern: This certifies that I, Mary F. Loomis, have sold my right in Benjamin Ryder's (my father) estate to Alexander G. Ryder of New York for the sum of $100 (one hundred dollars). East Greenwich, R. I., May 13, 1876. Mary F. Loomis. F. A. Loomis."

Hearing before *Hammond*, J., who reported the case for the determination of this court. The material facts appear in the opinion.

*F. J. Daggett*, for the defendants.

*J. Woodbury*, for the plaintiff.

MORTON, J. The parties have argued this case as if the question intended to be presented by it was whether the plaintiff was or was not entitled to relief upon the facts as found by the justice of the Superior Court who heard it. On the assumption that this is the question, we proceed to consider the case.

1. The defendants object that the description of the property in the memorandum on which the plaintiff relies is insufficient within the statute of frauds. What was sold is described as " my right in Benjamin Ryder's (my father) estate." The report finds that the only real estate which Benjamin Ryder owned was his homestead in Yarmouth, Mass., and that he devised it in equal shares to the plaintiff and the defendant Mary. It is well settled that parol evidence may be introduced for the purpose of showing the positions of the parties and their relation to any property that will satisfy the description contained in the memorandum. *Farwell* v. *Mather*, 10 Allen, 322. *Hurley* v. *Brown*, 98 Mass. 545. *Mead* v. *Parker*, 115 Mass. 413. *Doherty* v. *Hill*, 144 Mass. 465, 468. *Murray* v. *Mayo*, 157 Mass. 248. Viewed in the light of surrounding circumstances, the description is as if it read " my undivided half in the homestead belonging to the estate of Benjamin Ryder in Yarmouth, Mass." Such a description clearly would be sufficient. *Atwood* v. *Cobb*, 16 Pick. 227. *Nichols* v. *Johnson*, 10 Conn. 192. Cases *supra*.

2. The defendants further object that the plaintiff's claim is

barred by the statute of limitations, and that by his laches he has lost the right to relief. It is found that, upon the defendants signing the memorandum, the plaintiff paid them the price named in it, and " entered into possession of the homestead, made permanent improvements thereon, and has remained in sole possession ever since," and that said Benjamin left debts to a considerable amount, and personal estate insufficient to pay them, and that the plaintiff has paid them and discharged the real estate from them. Under these circumstances, the contract being a valid one, the defendant Mary would hold the legal title as trustee for the plaintiff. *Felch* v. *Hooper*, 119 Mass. 52. Perry on Trusts, § 520. The defence of laches has no application. The plaintiff has been in possession with the consent of the defendants, making improvements, and under a contract which he has performed, and delay on his part even for a considerable time after a distinct refusal by the defendants to perform the contract, in the hope of a final settlement or through reluctance to enter upon a family controversy, would not operate to deprive him of a remedy if the defendants had not been led by such delay to a harmful change in their position. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 313. *Waters* v. *Travis*, 9 Johns. 450. *Hanchett* v. *Briscoe*, 22 Beav. 496. Perry on Trusts, § 830.

In regard to the statute of limitations, it is to be observed, in the first place, that no time for performance was named in the agreement, and that, the defendant Mary holding the legal title as trustee for the plaintiff, he was under no obligation to assert his equitable title till after a distinct repudiation of his right by her. *French* v. *Merrill*, 132 Mass. 525. In the next place, not only was there no distinct refusal on her part to convey more than six years before the bringing of this bill, but in the correspondence which took place she avowed her willingness more than once, and as late as December, 1885, " to stand by it [the agreement], lost or found." The facts as found do not show that she retreated at all from that position till 1889. The statute of limitations did not therefore operate as a bar.

3. The writ of entry brought by the plaintiff in 1889 only put in issue, under the plea of *nul disseisin*, the legal title. The question whether the plaintiff had an equitable title was not and

could not be in issue. *Russell* v. *Lewis*, 2 Pick. 508. The entry, therefore, of judgment for the defendant in that action did not constitute a bar to this action.

*Decree for the plaintiff.*