BRAINARD LOW *vs.* CECIL H. LOW & others.

Essex. · March 8, 1899. — June 30, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Specific Performance of Contract to convey Land — Statute of Frauds — Statute of Limitations — Laches.*

If A. and B. make an oral agreement to exchange land, and A. performs his part of the agreement by conveying his land to B., who immediately puts A. into possession of his land, and A. afterwards exercises acts of ownership, erecting buildings on the land and making other improvements in excess of the value of the land, with the knowledge, consent, and acquiescence, until his death twenty-four years after the agreement, of B., who during that period neither claimed ownership of nor exercised any control over the property, and five years before his death said that the only reason why he had not given A. a deed was his own neglect, and that he was going to do it at once, a bill in equity for specific performance of the agreement, brought three years after B.'s death by A. against B.'s widow and children, who two years previously had brought a writ of entry against A., the children having also received and recorded a quitclaim deed of the property from a grantee of B. made for the purpose of confirming a lost unrecorded deed, is not open to the defences of the statute of frauds, the statute of limitations, or laches, but A. is entitled to a decree.

BILL IN EQUITY, filed October 28, 1897, in the Superior Court, against Mary J. Low, the widow of Benjamin Low, (who was also the administratrix of his estate,) and Cecil H. Low and Helen R. McKenney, his children, to enforce specific performance of an oral agreement by him to convey certain land in Gloucester to the plaintiff. At the hearing a decree was entered for the plaintiff; and the defendants appealed to this court. The facts appear in the opinion.

*J. J. Flaherty*, for the defendants.

*S. D. York & F. H. Tarr*, for the plaintiff.

BARKER, J. A decree for the plaintiff has been entered upon the facts reported by the master, there are no exceptions to his report, and the case comes here only upon the defendants' appeal from the decree.

The general situation is this. In the year 1870 the plaintiff had title to certain lands which had been conveyed to him in 1869, subject to encumbrances, by a brother who shortly afterwards became bankrupt. Another brother, Benjamin Low,

through whom the defendants claim, had acquired the mort-
gages upon the lands, and had also taken a conveyance from the
bankrupt's assignees, and desired to obtain from the plaintiff a
release of his title.  Benjamin Low then owned an estate of
which the lands which are the subject of this suit were the
eastern portion, and which was in part wharf and in part ad-
jacent flats.  He proposed to the plaintiff to give him the
eastern portion of this property in exchange for the release of
the plaintiff's title to the other lands above mentioned, and an
oral agreement to that effect was made about June, 1870.   The
brothers in pursuance of this agreement placed a line of spikes
through the property to indicate the line between its western
portion which Benjamin Low retained, and its eastern portion
which he agreed should be the property of the plaintiff, and he
put the plaintiff into possession of the eastern portion as his
own, and this possession the plaintiff has ever since retained.
On June 16, 1870, the plaintiff, in performance of his part of
the agreement, conveyed to Benjamin Low and his partner the
title which the plaintiff had agreed to convey.  Subsequently, in
1871 and in 1889, the plaintiff made other deeds in confirma-
tion of his original conveyance.  After being put in possession
in 1870, the plaintiff enlarged the wharf upon the eastern por-
tion, which both Benjamin Low and the plaintiff regarded as
belonging to the plaintiff, and he also began filling portions of
the flats, and in so doing and in enlarging the wharf and putting
buildings thereon spent considerable sums of money.  Benjamin
Low died intestate on February 24, 1894, and the defendants
are his widow, who is the administratrix of his estate, and his
two children.  During his lifetime, after putting the plaintiff
into possession of the eastern portion of the wharf and flats, he
never claimed ownership of that part of the property, and ex-
ercised no control over it and did no work thereon, and as late
as the year 1889 he said that the only reason why he had not
given the plaintiff a deed was his own neglect, and that he was
going to do it right away.   On November 18, 1895, the present
defendants sued out a writ of entry against the present plaintiff,
demanding the land, and on October 25, 1897, obtained a verdict.
Thereupon the plaintiff brought this suit.

The fair market value of the premises when the plaintiff took

possession was $500, and the money which he expended in improvements and repairs during his occupancy was $4,831.55.

The facts reported by the master justified a finding that the oral contract was proved, that the plaintiff immediately entered into possession under it, exercised acts of ownership, put buildings on the land and made other improvements in excess of the value of the land, and all with the knowledge and consent and acquiescence of Benjamin Low until the time of his death in 1894; and that all this constituted such a change of position on the part of the plaintiff that he cannot now be restored to his rights, or have redress, except by having a performance of the agreement to convey the property to him.

Under these circumstances the provisions of the statute of frauds are not a bar to the relief sought, because the refusal to complete the transfer of title is in the nature of a fraud, and the defendants are estopped to set up the statute of frauds in defence. *Potter* v. *Jacobs,* 111 Mass. 32, 37. See also *Glass* v. *Hulbert,* 102 Mass. 24; *Barnes* v. *Boston & Maine Railroad,* 130 Mass. 388; *Burns* v. *Daggett,* 141 Mass. 368, 373. *Ryder* v. *Loomis,* 161 Mass. 161.

The same circumstances dispose of the defence of the statute of limitations. Benjamin Low, after the making of the oral agreement and its performance by the plaintiff, held the title in trust for the plaintiff. *Felch* v. *Hooper,* 119 Mass. 52, 57. *Ryder* v. *Loomis, ubi supra.* Although he seems, either inadvertently, by using a description which included this property with other lands, or for some reason which the Superior Court could find not inconsistent with or a repudiation of the trust, to have conveyed this property, or an undivided two thirds interest in it to one Parkhurst, who two days thereafter made a deed back which was not recorded until October 22, 1895, and who on November 4, 1895, quitclaimed to the two children of Benjamin Low for the purpose of confirming a lost unrecorded deed of 1873, it was open to the Superior Court to find that the trust was never repudiated until the present defendants brought their writ of entry on November 18, 1895. The plaintiff was under no obligation to assert his equitable title until after a repudiation of his right, and the statute of limitations did not begin to run against him until such repudiation. *Ryder* v. *Loomis, ubi supra.*

The same is true as to the defence of laches. Neither during the life of Benjamin Low, nor between his death in 1894 and the recording of the deed to his children on November 15, 1895, was there any circumstance to lead the plaintiff to suppose that he must resort to equity, or to legal proceedings of any kind, to enforce his rights.

It is not necessary to dwell at length on the facts reported by the master with reference to the conveyance by Benjamin Low to Parkhurst in November, 1870, or the lease which was made of the whole property by Benjamin Low to the plaintiff and his partner while they were using the whole wharf in their partnership business, or to discuss the proposition whether the plaintiff could get compensation for his improvements in the writ of entry. It was competent for the Superior Court to find that neither the deed to Parkhurst nor the lease was a repudiation by Benjamin Low of his agreement with the plaintiff, and that the plaintiff had so changed his position by making expenditures and improvements upon the property upon the faith of the oral agreement that he had the right to a conveyance from the defendants.                                  *Decree affirmed.*