AUGUSTINE X. DOOLEY *vs.* MARGARET MERRILL & another.

Essex. November 7, 1913. — February 26, 1914.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* Specific performance. *Husband and Wife.*

Where an unmarried woman makes a binding contract to sell certain land and then marries and refuses to make the conveyance called for by the contract, although her husband acquires no title in the land, yet, in a suit in equity by the purchaser against the wife and her husband for specific performance of the contract, if the husband files an answer to the merits of the bill, the plaintiff is entitled, not only to a decree against the wife, ordering her to convey the land to him, but also to a decree against the husband perpetually enjoining him from asserting any title to the land covered by the contract.

RUGG, C. J. This is a bill in equity whereby the plaintiff seeks to compel the original defendant, who when the bill was filed was Margaret Wheelock, to perform specifically an agreement to convey certain real estate. After issue had been joined, and on the day before the trial upon its merits, the original defendant and Herbert C. Merrill were married, the latter having notice of the pendency of this suit and of the plaintiff's claims in it. He subsequently was joined as defendant. All the issues of fact have been determined in favor of the plaintiff. The only question presented is the correctness of the refusal of the trial judge* to rule, in accordance with the request of the defendant husband, that the plaintiff was not entitled to any decree against him, and that the bill be dismissed as to him. It has been found as a fact that the defendant Margaret, before her marriage, executed a binding agreement to sell the real estate to the plaintiff, which she refused and continues to refuse to perform.

It is well settled that when by the terms of a binding contract a conveyance of land ought to be made, equity will regard that done which ought to be done, and, if the holder of the legal title refuses to make conveyance, will treat him as trustee for the purchaser ready and able to perform his part of the contract. This

* *Chase, J.*

equitable obligation will be enforced, not only against the holder of the legal title, but against others taking an interest in the legal title with notice, and an adequate remedy will be afforded to carry out this principle. *Felch* v. *Hooper,* 119 Mass. 52, 57. *Sherburne* v. *Morse,* 132 Mass. 469. *Ryder* v. *Loomis,* 161 Mass. 161. *Low* v. *Low,* 173 Mass. 580. *Phillips* v. *Sylvester,* L. R. 8 Ch. 173, 176.

Logically this doctrine applies to cases where an unmarried man or woman, having made a binding contract to convey land, after marriage refuses to make such conveyance, with the result that such subsequent spouse would acquire no right either of dower or curtesy or under the statutes of the Commonwealth in the land described in the agreement. Practical justice requires such an extension. Under circumstances analagous to those in the case at bar it has been applied frequently to the extinguishment of a claim for dower. *Brown* v. *Williams,* 31 Maine, 403. *Greene* v. *Greene,* 1 Ohio, 535. *Chapman* v. *Chapman,* 92 Va. 537. *Gully* v. *Ray,* 57 Ky. 107, 113. *Rain* v. *Roper,* 15 Fla. 121. 4 Kent Com. 50. In reason the principle is equally binding to extinguish any claim by one who, subsequent to the agreement, has become the husband of the woman executing the agreement whereby she has become bound to make a conveyance.

The argument addressed to us on behalf of the defendant husband rests upon the contention that he has no interest in the real estate. This result follows from the reasoning heretofore stated. It is not necessary to consider *Downey* v. *King,* 201 Mass. 59. But the defendant husband has not disclaimed all interest in the estate by his answer. On the contrary, he has pleaded to the merits of the plaintiff's bill. In order that complete relief may be granted to the plaintiff, the defendant husband may be enjoined perpetually from asserting any title to the estate described in the plaintiff's bill. Decree to this effect may be entered, and also requiring the defendant Margaret to make conveyance and pay the damages found by the court below, together with costs. See St. 1910, c. 376.

> *Ordered accordingly.*

*B. N. Johnson,* for the defendant Herbert C. Merrill, submitted a brief.

*W. J. Bradley,* for the plaintiff.