# CHARLESTON.

OLIVER S. MARSHALL v. W. D. PORTER, EXECUTOR &c.

Submitted January 21, 1919.   Decided January 28, 1919.

1. APPEAL AND ERROR—*Decree of Circuit Court—Evidence—Review.*

   The decree of a circuit court approving the findings of a commissioner based upon conflicting evidence will not be reversed by this court, unless such findings are in conflict with a substantial preponderance of the evidence.   (p. 248).

2. EQUITY—*Maxim—Discharge of Indebtedness.*

   Equity looks upon that as done which ought to be done, and where one who is indebted to another, and who is being pressed for the payment of such indebtedness in order that such other may meet certain obligations which he has outstanding, agrees that he will himself acquire such outstanding obligations, and discharge the same with his indebtedness, and he does acquire such outstanding obligations of his creditor, equity will consider that his indebtedness was applied to the discharge of such obligations at the time he acquired the same.   (p. 249).

3. SAME—*Judgment—Pleading Defenses—Res Judicata.*

   Where in a suit a claim is asserted against a defendant, the validity of which he denies, he must, if he would have the advantage of them, plead and rely upon all of the defenses available to him to defeat such claim.   If the matters involved in the suit are adjudicated adversely to the defendant, after full opportunity to both sides to present all of the matters in support of their several contentions, such adjudication will be *res ajudicata,* and the defendant will be barred from subsequently making a defense which was available to him in the first instance.   (p. 249).

Appeal from Circuit Court, Hancock County.

Bill by Oliver S. Marshall against W. D. Porter, executor, etc., and James M. Porter and others.   Decree for plaintiff, and last-named defendant appeals.

*Affirmed.*

*E. A. Hart,* for appellant.
*Marshall & Forrer,* for appellee.

RITZ, JUDGE:

In 1886 the plaintiff purchased from one Jasper M. Porter certain real estate in the county of Hancock, and for the

83 W. Va.

deferred instalments of purchase money executed certain non-negotiable notes. These notes were held by Porter until about the year 1893, when they were transferred to the defendant James M. Porter, who held them until the year 1907, when he transferred the same to his sister Fannie Porter McBride, who has since died, and who is represented in this suit by the defendant W. D. Porter as the executor of her will. After the death of Fannie Porter McBride, her executor threatened to execute a deed of trust given to secure these notes, and the plaintiff then brought this suit for the purpose of cancelling the notes and cancelling the deed of trust as a cloud upon his title to the real estate. The theory upon which he proceeds is that in the year 1893 and prior thereto the defendant James M. Porter became indebted to him in considerable sums of money, and that he importuned the said James M. Porter to make settlement with him of this indebtedness in order that he might meet his obligation to Jasper M. Porter on account of these notes; that James M. Porter in the year 1893 told him that he would acquire the notes himself from Jasper M. Porter, and would settle the indebtedness to the plaintiff insofar as the notes would cover the same in that way. As before stated, James M. Porter did acquire the notes at that time and so advised the plaintiff, and the plaintiff believed, as he alleges, that the arrangement for settling the same with the indebtedness of James M. Porter to him was entirely satisfactory. After James M. Porter became the owner of the notes the plaintiff at various times, as he testifies, attempted to have Porter cancel the same and deliver them to him, but Porter always delayed doing this, not upon the ground that the plaintiff was not entitled to have it done, but upon the ground of inconvenience and like excuses. Plaintiff's contention was that the indebtedness of James M. Porter to him not only fully satisfied the notes at the time they came into Porter's hands, but was in excess of the amount of the notes, and he desired to have the notes cancelled and the deed of trust removed as a cloud upon his title, and a decree for any balance said James M. Porter might owe him.

The case was heard by the circuit court, and the plaintiff's

bill dismissed, but upon appeal to this court that decree was reversed, and this court held that the plaintiff was entitled to have the indebtedness of Porter to him set off against these notes; in other words, it was held that the plaintiff's contention as to the arrangement between him and James M. Porter was proved, and that he was entitled to relief thereon, and remanded the cause with the suggestion that it was one where a reference to a commissioner would likely be proper to ascertain the correct amount of the various items in the plaintiff's account, and to apply the same to the notes in question. See *Marshall* v. *Porter,* 71 W. Va. 330. After the cause was remanded to the circuit court it was referred to a commissioner, and the commissioner made a report finding that Marshall was entitled to have the notes cancelled as fully satisfied, to have the deed of trust also cancelled, and to have a recovery against James M. Porter for a small amount in addition thereto. The circuit court decreed accordingly, and this appeal is prosecuted.

Some question is made as to the sufficiency of the proof to establish certain debts claimed by Marshall, or rather to establish the amount of them as they were found by the commissioner. Upon this question it suffices to say that there is evidence in the case fully supporting the commissioner's findings as to the amount of these particular debts, even though it may be in some instances controverted, and this court will not reverse the decree of the circuit court approving the findings of a commissioner upon controverted facts, unless such finding is clearly against the weight of the evidence. Such is not the case here. One of these items was for the interest of the plaintiff in an oil well, the legal title to which was in the defendant James M. Porter. It is shown that James M. Porter sold this well and took the money himself, and never accounted to the plaintiff for one cent, although it is admitted that the plaintiff had a considerable interest therein. The defendant James M. Porter has always refused, and even when he testified in this case refused to say how much he got for this well, or to whom he sold it. The commissioner could do nothing but take the best evidence he could get as to this, and we think his findings are as advantageous to the defendant James M. Porter

as he could reasonably expect, particularly in view of the fact that it lay in his power to make the matter absolutely certain.

In the circuit court, when the report of the commissioner came up for consideration, the defendant James M. Porter for the first time by exceptions set up the Statute of Limitations as a bar to any of the claims asserted by the plaintiff. Insofar as these claims were applied to the discharge of the notes set up and referred to in the bill there is nothing in this contention. The agreement, which this court by its former decree found existed between the parties, was to apply this indebtedness of James M. Porter to Marshall to the extinguishment of these notes. Having found that that agreement existed, a court of equity looks upon that as done which ought to be done. We will treat the notes executed by the plaintiff, and which are sought to be cancelled here, as satisfied and discharged as of the time James M. Porter and the plaintiff agreed that it should be done. Story's Equity Jurisprudence, § 81; *Felch* v. *Hooper,* 119 Mass. 52; *Craig* v. *Leslie,* 3 Wheat. 563. But does the Statute of Limitations apply to the decree in favor of the plaintiff for the excess of his indebtedness above the notes held at the time by the defendant James M. Porter? As before stated, these claims were set up by the plaintiff in his bill filed in this case, and while they were not particularized in that bill, they were gone into by particular items in testimony taken in support of it. The defendant James M. Porter at that time denied their validity, and denied that the plaintiff had the right to discharge the notes referred to in this case in that way, or to recover any of said claims. The parties, after full opportunity to offer all of the matters they had in support of their respective contentions, submitted the case for a decision, and this court on appeal held that the plaintiff was entitled to recover his claims in this suit. That decree established the validity of them, and the only thing left for determination was the amount thereof and their application to the notes in controversy. The defendant James M. Porter could not reserve one of his defenses. He had full opportunity to make all defenses at that time, and not having made his defense of the Statute of Limitations then the finding of this court

establishing the validity of the plaintiff's claims is *res ajudicata,* and we will not now re-open that question and allow him to plead the Statute of Limitations to prevent a recovery against him for the amount in excess of the notes which were cancelled by the court's decree. It is fundamental that where a party is sued, and he challenges the validity of the cause of action against him, he must put in all of the defenses he has thereto. If he fail to do so he will not be allowed after a decree or judgment against him upon the merits to assert a defense which was available to him before the rendition of such adverse judgment or decree. *Alderson* v. *Horse Creek Coal Land Co.,* 81 W. Va. 411, 94 S. E., 716, and authorities there cited.

It follows from what we have said that the decree of the circuit court of Hancock county complained of will be affirmed.                                    *Affirmed.*