## J. J. NEWBERRY COMPANY *vs.* ROBERT W. SHANNON & another.

Suffolk. February 5, 1929. — June 27, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Jurisdiction*, Specific performance. *Contract*, For the sale of real estate, Performance and breach, Waiver. *Husband and Wife*. *Dower*. *Trust*, Constructive. *Waiver*. *Equity Pleading and Practice*, Parties.

A contract in writing for the conveyance of certain real estate "by a good and sufficient deed . . . conveying a good and clear title . . . free from all encumbrances," contained a provision that, if the owner "shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by . . . [the purchaser] shall be deemed to be a full performance and discharge hereof." At the time fixed for conveyance, there were encumbrances upon the title. Instead of tendering back a deposit which had been made by the purchaser, the owner agreed that he would go forward with proceedings for the removal of encumbrances if the time for performance was extended. Several successive extensions accordingly were made. *Held*, that, in the circumstances the owner had waived the right to return the payment made and to put an end to the contract.

At the time of making the contract above described, the owner was unmarried. During the period of the first extension of time for performance he married, the wife having no knowledge of the existence of the agreement. *Held*, that

(1) The marriage subsequent to the execution of the agreement and prior to the extended time for performance was a voluntary act which would not excuse performance by the owner;

(2) The wife acquired by the marriage no interest in the property which affected the right of the purchaser to a conveyance.

A suit in equity by the purchaser for specific performance of the contract above described at first was against the owner only and was silent as to the marriage. After sundry decrees, the wife was made a party by a decree from which an appeal was taken. Further hearings then were had, following which a final decree was entered ordering conveyance by the owner of a good and clear title free of all encumbrances and free of all tenants within thirty days from the date of the decree, and declaring that the wife was not entitled to dower, homestead or other interest in the premises. Both defendants appealed. *Held*, that

(1) There was no merit in the appeal by the owner;

(2) The record disclosed that the wife was fully heard; the decree was valid as to her;

(3) The wife properly was made a party to the suit: although no action by her was required by the final decree, the court, in its discretion, could have enjoined her from asserting any interest by virtue of her marriage.

BILL IN EQUITY, filed in the Superior Court on April 28, 1927, and afterwards amended, described in the opinion.

In the Superior Court, the suit was heard in its various stages, as described in the opinion, by *Cox*, J., and the decrees there described were entered by his orders. The defendants appealed.

*R. Baldwin*, for the defendant Robert W. Shannon.

*F. X. Daly*, for the defendant Alice F. Shannon.

*W. B. Grant*, (*H. E. Whittemore* with him,) for the plaintiff.

WAIT, J. The plaintiff and defendant on May 28, 1926, signed a contract under seal for the sale by the defendant Robert W. Shannon and purchase by the plaintiff of certain premises, which were to be conveyed, upon the cancellation of all outstanding leases covering the property, "by a good and sufficient deed . . . conveying a good and clear title . . . free from all encumbrances. Said leases are to be cancelled and the property free from all tenants at the time of passing papers which is to be on or before December 1, 1926." The agreement provided further "If . . . [Shannon] shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by . . . [J. J. Newberry Company] shall be deemed to be a full performance and discharge hereof." On May 28, 1926, Shannon was unmarried; and the premises were encumbered by an attachment for $300 and by a lease to one Jacobson expiring by limitation January 4, 1931, which, however, contained a provision that in the event of a sale the lessee would cancel the lease on payment of $1,000, the lessor giving six months' notice in writing of the sale. Shannon gave due notice to the lessee, the six months to expire December 1, 1926.

In June, 1926, a second attachment in $7,000, was placed upon the property without fault or collusion on the part of

Shannon. The parties met in November, 1926, preparatory to performance due on or before December 1. It then appeared that the first attachment had been dissolved, the second was in force, and Jacobson was in possession under his lease although proceedings had been begun by Shannon to dispossess him, founded, not on the agreement of notice and payment, but on a breach of condition alleged to have occurred in 1923. The plaintiff then and at all times was ready and able to perform all its obligations under the contract.

It was decided in *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, that such a contract is not an unqualified contract to convey, and that if without fault of the vendor subsequent to its execution the title was defective at the time set for conveyance, then on refunding any amount which had been paid, the contract would be at an end. In *Buckley* v. *Meer*, 251 Mass. 23, it was held that an attachment made subsequent to the agreement without fault or collusion of the vendor rendered him unable to make the conveyance and would terminate his obligation to go on with the contract. To the same effect is *Drapen* v. *Foley*, 258 Mass. 167. The defendant thus rightfully could have returned the $2,000, already paid by the plaintiff, and have declared the contract to be at an end, if he had so desired. At a conference, it was agreed that Shannon would dissolve the attachment and go on with the proceedings against Jacobson if the time for performance was extended; and the plaintiff extended the time to December 20, 1926. On December 20, Jacobson was still in the premises and the attachment in force. An extension to January 20, 1927, was agreed upon. Further extensions were granted till April 15, 1927. The trial judge found and ruled that the defendant had waived the right to return the payment made and to put an end to the contract. We find no error of law therein. The defendant for consideration agreed to remove the defects in the title. It is not open to him later to set up these defects as a ground for putting an end to the obligations of the contract. See *Moskow* v. *Burke*, 255 Mass. 563.

On December 28, 1926, the defendant married. There-

after his power to convey a good and clear title by his sole deed was at an end if the wife by the marriage acquired dower rights in the property which he had agreed to convey. The marriage subsequent to the execution of the agreement and prior to the extended time for performance was a voluntary act which would not excuse performance by him. He could not without violating his contract bring into existence a right in a third person encumbering the title which he had agreed to convey. In *Dooley* v. *Merrill*, 216 Mass. 500, it was held that a husband, who had married with notice of an agreement of the wife executed before the marriage, had no interest in the property which he could assert against the vendee named in the agreement.. In the case before us it is alleged that the wife had no knowledge of the existence of the agreement. We do not regard that fact as decisive. The basis of the decision that husband or wife takes no interest in the nature of curtesy, dower or statutory right similar in kind, in land which the spouse before marriage has contracted to convey, is that no such right exists in property held by the spouse merely as a trustee; and that, in the eye of a court of equity, the person bound to convey is regarded as having done as he should, as having made the conveyance, and so as holding as trustee for the vendee. Notice is immaterial. The marriage confers rights only in the property which the spouse holds beneficially at the time of the ceremony.

The ruling that upon the facts here appearing the wife took no interest which affected the rights of the plaintiff was correct. *Dooley* v. *Merrill, supra. Seamon* v. *Harmon,* 192 Mass. 5, 7.

On April 15, 1927, the defendant refused to extend the agreement further. The attachment was then in force, Jacobson was in possession, and, as he then first disclosed and asserted as a ground of incapacity, the defendant had married. A few days before April 26, he tendered back the $2,000; and on April 26, he refused to convey at the price agreed. The plaintiff refused the tender, and on April 28, 1927, filed this bill. The bill was silent in regard to the marriage. It prayed conveyance subject to the pending litigation with Jacobson. Hearing was had June 15, 1927,

but the plaintiff asked at that time only an injunction against any disposition by Shannon until determination of the litigation with Jacobson.   Decree was entered accordingly September 16, 1927.   Application for final decree was made after rescript in *Shannon* v. *Jacobson*, 262 Mass. 463.   No further evidence was taken, but hearing was had and the trial judge, thereafter, made further findings and rulings. He ordered, March 30, 1928, decree for conveyance by Shannon within thirty days from the date of the decree. Alice F. Shannon, the wife, was brought into the case by amendment to the bill allowed July 7.   Appeal was taken from the allowance.   July 25, she answered alleging that she was entitled to dower, that no agreement was then in force, and alleging, further, her ignorance in regard to the matters set out in the original bill.   Further hearing was had. The findings of June, 1927, and March, 1928, were considered.   It appeared that Jacobson had removed and Robert Shannon had agreed to give bond to dissolve the attachment. On October 5, 1928, final decree was entered ordering conveyance by Robert Shannon of a good and clear title free of all encumbrances and free of all tenants within thirty days from the date of the decree, and declaring that Alice F. Shannon was not entitled to dower, homestead or other interest in the premises.   Both defendants appealed.

For the reasons already stated there is no merit in the appeal of Robert Shannon.   Alice F. Shannon contends that she has not been heard and that the decree is invalid as to her.   The record contradicts this contention.   The requests filed at the hearing of June, 1927, show that the question of the effect of the marriage was presented then, though not decided.   The findings of March 30, 1928, show that it was considered.   She was made a party July 7, 1928.   She filed her answer July 25.   The final decree recites that it was made after further hearing.   This imports full hearing of what she desired to have heard.   Between July and October, 1928, there was abundant time for the introduction of additional evidence if she desired.   So far as we can see all material evidence was before the court.   She was heard on the final decree.   She has no good ground of complaint.   *Cohen* v.

*Levi*, 221 Mass. 336, is distinguishable on its facts. The amendment making her a party was properly allowed. She was a necessary party, if the decree was to be binding upon her. Although no action by her was required by the final decree, the court, in its discretion, could have enjoined her from asserting any interest by virtue of her marriage. *Dooley* v. *Merrill, supra.* As already stated, the recital that she had no interest was sound law.

*Decree affirmed with costs.*