## Broniman et ux., Appellants, *v.* Allen.

Argued May 27, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

230

[redacted]

*Louis Vaira,* with him *Henry A. Bergstrom,* for appellants.

*John B. Nicklas, Jr.,* with him *E. B. Wolfe, Howard O. Husband* and *McCrady & Nicklas,* for appellee.

PER CURIAM, June 30, 1947:

Plaintiffs appeal from an order staying a mortgage foreclosure sale. The case was heard on petition and answer. Plaintiffs hold defendant's mortgage on Pittsburgh real estate as security for a loan of $11,000. In 1933, judgment was entered on the bond. In 1943 the parties executed a mortgage extension agreement, by which the mortgagor agreed to pay "the 1943 City, County, School and Water Taxes in full and . . . 20% on all delinquent City, County, School and Water Taxes due this date under the provisions. of the Abatement Act" of May 21, 1943, P. L. 323, 72 PS 5575.1; also to pay on the first of each month beginning with September, $55.00 per month on the mortgage. The mortgagees agreed "to continue said mortgage on said property . . . so long as mortgagor" performed; they also agreed to accept $9,000 in full payment of the mortgage debt at any time if the mortgagor was not in default, but if the mortgagor defaulted, the entire amount should be due and payable.

In 1945 plaintiffs issued an alias fi. fa. We adopt the following from the opinion filed by the learned court below: "On petition setting out the extension agreement defendant obtained a rule to show cause why the writ should not be stayed. Plaintiffs' answer to the rule set out that the extension agreement was without consideration—that the extension was not for any fixed

time—that there had been default in the payment of water taxes and delay in the payment of city and school taxes for 1944.

"None of these grounds is valid. First, the extension agreement was under seal and seal imports consideration; Second, when no time limit is fixed in an agreement, a reasonable time is intended. Where a party to an agreement has assumed an obligation it will take five years to discharge, as the payment of delinquent taxes under the abatement act, the reasonable time intended cannot be less than five years; Third, there has been no default in the tax payments required by the extension agreement. At the time of the agreement delinquent water taxes for the years 1934 to 1942 and current water tax for 1943 were due. The agreement required the defendant to pay the 1943 water tax forthwith and to liquidate the delinquent water taxes under the abatement plan. Defendant did pay the current water tax as well as all water taxes since assessed but could not liquidate the delinquent water taxes under the abatement plan because the Act of 1943 did not extend its benefits to water taxes. The performance required of the defendant being impossible under the statute, we are required to decide whether he was then required to pay all delinquent water taxes at once or to pay them as he was able or as the city required through the five year period of the extension. Since the agreement is ambiguous and reasonably capable of either interpretation, we are required to read it as to avoid a forfeiture, especially where the loss to the defendant would be a valuable residence and the damage to the plaintiff absolutely nothing. We are confirmed in this decision by the admitted fact that between the date of the writ and the argument on the rule all back water taxes were paid in full. Likewise the delay in paying the 1944 taxes (they were paid May 13, 1944) is immaterial because of the policy of local authorities in permitting abatement plans to remain in effect as long as current taxes are paid in

232

the year due. This may not be a strict application of the provisions of the abatement act by local tax authorities but it works to the benefit of both parties. Certainly in this case plaintiff was not harmed by it."

Order affirmed at appellants' costs.