Detwiler et al., Appellants, *v.* Capone et ux.

Argued September 29, 1947.  Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William H. Eckert,* with him *R. E. Best, Milton W. Lamproplos, Smith, Best & Horn* and *Smith, Buchanan & Ingersoll,* for appellants.

*Carroll Caruthers,* with him *Frank A. Rugh,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, November 10, 1947:

This is an appeal from a decree sustaining defendants' preliminary objections filed in response to plaintiffs' bill in equity for specific performance of a written contract for the sale of real estate and certifying plaintiffs' case to the law side of the court for trial.

Plaintiffs on November 20, 1944, entered into a lease and option agreement in writing with Salvatore Capone when the latter was single and the sole owner of the demised premises. The lease was of real estate situate in the City of Jeanette. The term was 3 years from December 1, 1944 and for an additional 3 year period from December 1, 1947, at a certain rental. The option to purchase was incorporated in the lease in the following terms: "The lessor hereby gives the lessees the first option to buy the said property described herein, for the consideration of $13,000. The lessor will take $3,000.00 cash as down payment and take the mortgage himself for the balance of $10,000."

Plaintiffs' bill avers that on divers occasions after January 1, 1946 oral notice of their intention to exercise the option was conveyed to Capone and the latter was requested to execute a conveyance. Defendant refused to comply with these requests. On May 29, 1946, defendant married co-defendant Albina Yorio Capone. Three days later, on May 31, 1946, plaintiffs notified Salvatore Capone in writing of their desire to exercise the option and offered to pay the full amount of the agreed purchase price in cash or to pay $3,000 in cash and give a mortgage to defendant for the balance as set forth in the option to purchase. Defendant again

refused to act upon plaintiffs' notice of election where-upon the latter filed a bill in equity against Capone for specific performance of the agreement and against his wife praying that any claim of right, title, or interest by her in said premises be extinguished.

Capone's preliminary objections were inter alia (1) that Albina Yorio Capone was improperly joined as a party defendant; (2) that the terms of the agreement were not definite; (3) that the plaintiffs had "failed to perform the matters by them to be kept and performed"; (4) that the option was void because it violated the rule against perpetuities; and (5) that the plaintiffs have a full, complete and adequate remedy at law. The objection of defendant's wife was that since she did not execute the lease she was not a proper party to the suit.

In passing over the objection to the joinder of Albina Yorio Capone as a party defendant, the court said that it felt "constrained to believe that other pre-liminary objections made by Salvatore Capone must be sustained." We will not, however, ignore the issue thus raised. The lease, according to the averments in the bill, was executed by Salvatore Capone prior to his coverture. The rule is that when property is encumbered by a husband prior to his marriage, the woman who becomes his wife acquires no inchoate right of dower in it (or what is referred to as "a widow's share in lieu of dower" since the enactment of the Intestate Act of June 7, 1917, P. L. 429, sec. 3, 20 PS 31) by virtue of her marital status. Although a wife cannot be com-pelled to release her dower in land which her husband contracted to sell during coverture and she is not a proper party to a bill for specific performance filed by the purchaser of that land (*Schwoerdfeger v. Kelly,* 223 Pa. 631; *Burk's Appeal,* 75 Pa. 141; *Stratford v. Lukens,* 52 Pa. Superior Ct. 355; *Saler v. Lessy,* 76 Pa. Superior Ct. 15; 9 R.C.L. 585, et seq.; *Hughes v. Antill,* 23 Pa. Superior Ct. 290; *Solomon v. Shewitz,* 185 Mich. 620, 152 N.W. 196), yet "A contract for the sale of land belonging to the husband, made by him before marriage,

takes precedence of the dower rights, and consequently the widow cannot claim dower as against the purchaser": Tiffany on Real Property, Vol. 1, 2d Ed., sec. 223, p. 774, 53 Am. St. Rep. 823. In *Green v. Green,* 31 Del. (County) 538, it was held that where a contract oral or written for the sale of land is made by the owner before marriage a conveyance subsequent to marriage constitutes an equitable bar of the wife's right of dower. See 19 C.J. §158, p. 514; 63 A.L.R. 136. An option to purchase is analogous to a contract for the sale of land; it is in nature an encumbrance on the land pledged. In such case the husband is a trustee of the legal title for the benefit of the purchaser, and as such the wife cannot claim dower against the vendee. Equity regards the person bound to convey as having done what he should have done, i.e. made the conveyance, and treats him as trustee for the optionee. *McClure v. Fairfield,* 153 Pa. 411, 26 A. 446; *Mineral Dev. Co. v. Hall,* 115 S. W. 230. "Where an option is exercised the title of the optionee relates back to the date of the option and his interest is regarded as real estate as of that time": Ladner's Real Estate Conveyancing, Vol. 1, section 42-A, p. 76. See also *Kelly's Est.,* 6 D. & C. 770.

A woman who by her marriage acquires no interest in property which her husband had theretofore contracted to convey is, nevertheless, properly made a party to a suit by the purchaser for specific performance, since, although no action by her is required by the final decree, the court in its discretion may enjoin her from asserting any interest by virtue of her marriage. In *Newberry Co. v. Shannon,* 167 N.E. 292, 63 A.L.R. 133, it was held that "She [the wife] was a necessary party, if the decree was to be binding upon her. Although no action by her was required by the final decree, the court, in its discretion, could have enjoined her from asserting any interest by virtue of her marriage. Dooley v. Merrill, supra [216 Mass. 500, 104 N.E. 345]." In *Geesey v. City of York,* 254 Pa. 397, 99 A. 27, it was held that in suits in equity all parties who would be adversely af-

fected by a decree prayed for must be brought into court as parties of record before the decree can be made. It follows that plaintiffs have properly included the wife in this action against the defendant husband.

The court in support of its decree ruled that plaintiffs' notice of their election to exercise the option to purchase was not equivalent to "an unqualified election to exercise an option." It declared that the letter addressed by plaintiffs to defendants, to wit: "The lessees, Messrs. Detwiler and Fox, now desire to exercise the option which you granted them and are ready and willing to pay the sum of $3,000.00 . . . Will you kindly advise us when and where you desire to close the transaction." constituted nothing more than a mere expression of a wish to exercise the option at some indefinite future time. The principle that no particular form of notice is required in the absence of a provision to that effect in the instrument granting the option is established. In *Smith & Fleek's Appeal*, 69 Pa. 474, this court said: "Nor was it necessary that notice of the plaintiffs' election to take the land, under the option given in the contract, should be in writing . . . The verbal notice given by the plaintiffs was sufficient, and their election to take the land, like the happening of any other contingency on which performance of the agreement rests, rendered the contract as absolute and binding as if no option had been given to the plaintiffs." Plaintiffs were under no obligation to serve written notice upon the defendant. Oral notice given by them prior to receipt of their letter by defendant was sufficient valid notice of their election. See 35 C.J. 1041, section 184. Unless there was a waiver of performance by plaintiffs by their conduct or continued payment of monthly rentals, the landlord-tenant relationship between the parties ceased to exist upon verbal communication of plaintiffs' election and the lease was converted into a contract of sale. The record does not disclose any waiver of performance.

The court below construed the word "desire" employed by plaintiffs in their letter to defendant as indica-

tive of "future contemplated action" on their part. This construction is captious. We do not believe that appellees had any doubt of plaintiffs' intention to exercise the option when notified that plaintiffs "now desire to exercise the option". If, for example, a prospective purchaser of an automobile after looking at the automobile in the salesroom said to the salesman, "I now desire to buy that car" the salesman would be justified in concluding that he was about to make a sale. The phrase "now desire", so far as it expresses intent to do anything, expresses a present intent and not a future one to do that thing. It was held in *Cates v. McNeil,* 169 Cal. 697, 147 P. 944, that notice by a lessee having a right to purchase premises for a specified sum which recites that he exercises his option to purchase and is ready and willing to purchase at the specified price evidences an absolute acceptance of the option. In *Crandall v. Graham,* 93 N.J. Eq. 675, 115 A. 178, the New Jersey Court of Chancery stated: "No specific form of notification was required, and I cannot escape the conviction that defendants knew of complainant's desire to exercise the option within a competent period under its terms."

In sustaining the second of defendant's preliminary objections, supra, the court stated that the option does not provide: "(1) a specific time within which it can be exercised; (2) It does not specify the kind of a deed that is to be given; (3) It does not specify when or where the $3,000.00 is to be paid; (4) It does not specify the length of time the $10,000.00 mortgage is to run, the amount of interest to be paid, or any of the terms thereof." As to reason No. 1 that no specific time was established within which the option could be exercised, it is without merit. The option was subject to acceptance at any time during the duration of the lease. 35 Corpus Juris 1043, section 188 states: "An option in a lease to purchase the land demised is a continuing obligation on the part of the lessor which the lessee may accept at any time . . . within the period of the tenancy if no time for exercise of the option is otherwise prescribed." See also *Swans-*

*ton v. Clark,* 153 Cal. 300, 95 P. 1117; *L'Engle v. Overstreet,* 61 Fla. 653, 55 S. 381; *Rankin v. Rankin,* 216 Ill. 132, 74 N.E. 763; *Product Co. v. Dunn,* 142 N.C. 471, 55 S.E. 299; *Schroeder v. Gemeinder,* 10 Nev. 355; *Casto v. Cook,* 91 W. Va. 209, 112 S.E. 502. Plaintiffs in the case at bar signified their election to exercise the option to purchase prior to the expiration of the original three-year term.

As to the other reasons, plaintiffs agreed to pay the full purchase price in exchange for a deed in the usual form conveying the demised premises to them in fee simple. If defendant chose to accept a mortgage in preference to payment of the entire consideration in cash upon transfer of legal title, plaintiffs would be obliged to reduce the principal debt within a reasonable time and pay the legal rate of interest. See Act of 1858, P. L. 622, section 1, 41 P.S. 3. Where no time is specified for the performance of an act, the law implies that it must be done within a reasonable time. See *Fleek's Appeal,* supra, *Suchan v. Swope,* 357 Pa. 16, 53 A. 2d 116, *Broniman v. Allen,* 357 Pa. 229, 53 A. 2d 536. The agreement in question contains all the essential terms of a valid contract. The parties, property and consideration are clearly identified. Justice WILLIAMS, speaking for this court in *Smith & Fleek's Appeal,* supra, said: "Equally unfounded is the objection that the contract is incomplete in its terms. It sets out the parties and the consideration, and sufficiently describes the subject matter . . . But it is further objected that the plaintiffs are not entitled to specific execution of the contract, because they did not tender performance within the time limited by the agreement. It is a sufficient answer to the objection that by the terms of the contract no time is fixed for its performance. The agreement provides that four thousand dollars of the purchase-money shall be paid at the time the deed is made, and two thousand in one year. But no time is fixed for the making of the deed, and therefore the law implies that it was to be made within a reasonable time. . . . Nor was

tender of performance absolutely essential to the maintenance of a bill for the specific execution of the agreement by the defendants."

The objection that plaintiffs failed to perform the matters by them to be performed in order to avail themselves of the benefits of the alleged agreement is untenable. The court in passing on this averment contended that no valid tender of performance was made by plaintiffs, saying: "It is well settled that to entitle a plaintiff to recover, he must not only tender the money before suit brought, but he must show his readiness to perform by having it in court ready to be paid in event of a verdict in his favor: Dwyer v. Wright, 162 Pa. 407, 29 A. 754, and cases therein cited: see also Heights Land Co. v. Swengel's Estate, 319 Pa. 298-301, 179 A. 431."

An examination of the cases thus cited discloses their inappositeness to this case. The plaintiff in *Heights Land Co. v. Swengel's Estate,* supra, started an action in assumpsit for the balance of the purchase price of real estate located in Florida. The suit was brought after a long lapse of time and the court held that recovery would be denied where the defendant could not have obtained performance of the contract. Plaintiff never tendered the deed and was guilty of laches in enforcing performance of the agreement. In our opinion we stated that "an action to compel payment of the purchase money cannot be maintained by the vendor without tender of a conveyance before suit brought. [Citing cases] . . . all that it [the statement of claim] sets forth is the veiled averment that 'The plaintiff has always been and still is ready, willing and able to perform its agreement.' " In the instant case when the defendant expressed his disavowal of the option agreement, tender on the part of the plaintiffs would have been a vain thing. This court in *Driebe et al. v. Fort Penn R. Co. et al.,* 331 Pa. 314, 200 A. 62, said: "On this branch of the case appellants, conceding that he who seeks equity must do equity, contend that defendants' conduct made unnecessary tender of the price, for the purpose

of putting defendant in default, because the lessor's conveyance to the Trust Company was a denial of plaintiff's rights; this view is supported by our decisions: Atlas Portland Cement Co. v. American Brick and Clay Co., 280 Pa. 449, 124 A. 650; Hopp v. Bergdoll, 285 Pa. 112, 131 A. 698; Schaeffer v. Coldren, 237 Pa. 77, 85 A. 98."

The following statement appears in 21 C.J. 161, p. 179: "An actual tender is not essential to equitable relief where the party offers to do equity in his bill. A tender of performance before commencing proceedings for specific performance is not necessary where defendant without any default of plaintiff has refused absolutely to perform."

In *Hughes v. Antill*, 23 Pa. Superior Ct. 290, it was said: "A vendee, before suing for specific performance on his equitable title, either at law or in equity, must tender the purchase money in accordance with the contract . . . In equity, however, the court may secure the rights of both parties, by requiring the execution of a deed by the vendor, and payment by the vendee on receiving it; and this is the usual practice. *Hence, it is unnecessary for the vendee to have the money in court at the trial, and the plaintiffs here were not required to keep up the tender to entitle them to a decree of specific performance.*" (Italics supplied.)

See also *Schaeffer, to use, v. Coldren*, 237 Pa. 77, 85 A. 98; *Unatin 7-Up Co., Inc. v. Solomon*, 350 Pa. 632, 39 A. 2d 835; *Erkess v. Eisenthal et ux.*, 354 Pa. 161, 47 A. 2d 154. In *Martin et ux. v. Cybulski et ux.*, 282 Pa. 297, 127 A. 778, this court said: "It is not clear that Mrs. Cybulski was present when this [tender] was done, but she had previously expressed her intention not to carry out the understanding, and no formal offer to her was required: Loughney v. Quigley, 279 Pa. 396; Shrut v. Huselton, 272 Pa. 113; Eberz v. Heisler, 12 Pa. Superior Ct. 388."

The fifth objection that the agreement "on which the plaintiff relies for specific performance is void in that it violates the rule against perpetuities" is wholly with-

out merit. The court below in sustaining this objection cited the case of *Barton v. Thaw*, 246 Pa. 348, 92 A. 312. A reading of the opinion in that case discloses its inapplicability to the instant case. In that case there was an option to purchase land "at any future time whatsoever" that the parties of the second part "should desire" to purchase it. The court in its opinion in that case, in reply to the argument that "it was intended that the option should be exercised within a reasonable time" said: "This option was intended to be unlimited as to time. To undertake to limit its continuance to 'a reasonable time' would be exactly contrary to the intention of the parties . . ."

In the instant case the plaintiffs acquired their right of option by reason of their status as the defendant's lessees. The agreement plainly states that "the lessor hereby gives the lessees the first option to buy the said property described herein". The plaintiffs would be lessees during their tenancy of the leased premises. The duration of this tenancy was three years from December 1, 1944, with the privilege of three years extension from December 1, 1947. When plaintiffs should cease to be the lessees of Salvatore Capone, their option would cease to have any legal force. Therefore, instead of being an option "in perpetuity" this was an option for three years.

Our conclusions are that the plaintiffs are entitled to have Albina Yorio Capone, the wife of defendant, enjoined from asserting any right, title or interest in the property in question and that since plaintiffs do not have an adequate remedy at law they are entitled to specific performance of their option to buy the property described in the agreement on which the bill was based.

The decree of the court below sustaining the preliminary objections to plaintiffs' bill for specific performance and certifying the case to the law side of the court for trial is reversed and the bill is reinstated in the equity side of the court for further proceedings in accordance with this opinion. Costs will abide the event.