**UNITED STATES v. 476 ACRES OF LAND, MORE OR LESS, IN ALLEGHENY COUNTY, STATE OF PENNSYLVANIA et al.**

Civ. A. No. 6919.

United States District Court
W. D. Pennsylvania.

Oct. 12, 1949.

James F. Boyer, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

The attorneys for defendants are:

Dennis J. Mulvihill, Pittsburgh, Pa., for J. Griffen and E. J. Jedlick.

J. Leonard Smith, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Anna Bella Walther, and others.

Harry C. Beschel, Pittsburgh, Pa., Alvin J. Porsche, Pittsburgh, Pa., for City of Pittsburgh.

Morris M. Berger, Pittsburgh, Pa., for Lewis W. Riegler and Mary E. Riegler.

W. Bruce McCrory and Richard F. Geiselhart Pittsburgh, Pa., for E. J. Chalfant.

———◆———

McVICAR, District Judge.

■ The defendants, although admitting that the negotiations prior to their offer to sell Parcel No. 6, were fair and free from any coercion or misrepresentation on the part of the Government representatives, assert that through a misunderstanding on their part, they believed that the Government agreed to assume the outstanding mortgage of $1,594.02, in addition to paying the $4,000.00. The evidence introduced at the trial did not support a finding that a mutual mistake or misunderstanding existed, and the Court is of the opinion that the contract is clearly set forth in the writings.

■ In the alternative, the defendants urge that the contract was void because their offer did not specify a time for acceptance, and therefore, violated the Rule against Perpetuities. This argument is without merit. Where the offeror fails to state a time for acceptance, the law implies that the acceptance must be within a reasonable time under the circumstances, which necessarily is within the period of the Rule.

The Court is of opinion that the instrument dated February 19, 1945 is an offer and not an option; however, if the Court were found to be in error on this point, the conclusion reached would be the same. An option which fails to mention the time in which it can be exercised must be exercised within a reasonable time. See Detwiler v. Capone, 357 Pa. 495, 55 A.2d 380; Barton v. Thaw, 246 Pa. 348, 92 A. 312, Ann. Cas.1916D, 570.

The evidence does not support the defendants' final argument that the contract was ineffectual because of the long period of time between the date the contract was executed and the date the Government commenced condemnation proceedings. The contract, itself, indicates that it was in the contemplation of the parties that it would be some time before the Government would take title to the land, in that provision was made for the defendants to occupy the premises for one year from the date of the offer, rent free. At no time did the defendants tender performance, nor did the defendants request the Government to perform.

■ The condemnation proceedings were commenced within a reasonable time after the execution of the contract. See United States v. Stott, 8 Cir., 140 F.2d 941.

Let an Order be prepared in accordance with the foregoing Findings of Fact, Conclusions of Law and Opinion.

■ This case came on for trial by the Court upon stipulation by the parties that if the Court found that a legally enforceable contract existed between the parties at the time the defendants' land was condemned, the amount of the just compenation for said land would be Four Thousand ($4,-000.00) Dollars; or if the Court found that the alleged contract between the parties was not enforceable, the amount of the just compensation would be Five Thousand Five hundred Ninety-four and two hundredths ($5,594.02) Dollars. The Court, after hearing and consideration thereof, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. The Court finds the facts as agreed to by the parties in the stipulation filed in this Court September 13, 1949 and makes them a part hereof.

2. The plaintiff is the United States of America.

3. The defendants are Earl J. Chalfant and Mary A. Chalfant, his wife, residents of Allegheny County in the Western District of Pennsylvania.

4. On February 19, 1945, the defendants were the owners of a certain parcel of land situate in the County of Allegheny in the Western District of Pennsylvania, hereinafter referred to as Parcel No. 6.

5. After negotiations with representatives of the Veterans' Administration the defendants, on February 19, 1945, executed and delivered to the Government representatives a paper entitled "Sales Agreement", whereby the defendants offered to sell Parcel No. 6 to the United States of America for the sum of $4,000.00.

6. At this time, Parcel No. 6 was subject to a mortgage of $1,594.02.

7. By letter dated July 7, 1945, the United States accepted the defendants' offer and agreed to pay $4,000.00 for Parcel No. 6, subject to the Attorney General's approval of the title.

8. When the Government accepted the defendants' offer in July, a provision was added to the contract which permitted the defendants to reside on the premises, rent free, for one year from the date of the offer.

9. On January 30, 1948, the United States filed its Petition in Condemnation of Parcel No. 6 and by procedure in accordance with the Federal Condemnation Statute, 40 U.S.C.A. §§ 257–258f, acquired title to said parcel of land by depositing in the registry of the court $4,000.00 as the just compensation.

10. The defendants' offer to sell did not specify a time for acceptance.

11. The defendants' offer to sell was accepted by the Government within a reasonable time.

12. The Government's representatives acted in good faith and the negotiations leading to the defendants' offer to sell were free from any misrepresentation or coercion on their part.

13. The defendants did not withdraw their offer.

14. At no time did the defendants object to the Government for its delay in acquiring title to this land.

15. The time interval between the consummation of the contract and the condemnation proceedings was not unreasonable under all the circumstances.

### Conclusions of Law.

I. This case is within the jurisdiction of this Court.

II. On February 19, 1945, the defendants offered to sell Parcel No. 6 to the United States of America for the sum of $4,000.00.

III. On July 7, 1945, the United States accepted the defendants' offer and agreed to pay $4,000.00 for Parcel No. 6.

IV. The defendants' offer was accepted within a reasonable time.

V. There was no misunderstanding or mutual mistake which would vitiate the contract as clearly set forth in the writings.

VI. Under the circumstances, the condemnation proceedings were instituted within a reasonable time from the date of the contract.

VII. A legally enforceable contract existed between the parties when the condemnation proceedings were instituted by the Government.

VIII. The amount of the just compensation for Parcel No. 6 is $4,000.00.