# Navarra v. Laurito

*Thomas S. Mansell*, for plaintiffs.
*Chris J. Mitsos*, for defendants.

HENDERSON, *P. J.*, January 29, 1975—In this equity action plaintiffs have filed a complaint seeking specific performance of an option contract for the sale of land. Defendants filed an answer setting up new matter to which plaintiffs have filed a reply. The matter presently before the court is a determination of defendants' motion for judgment on the pleadings filed on the grounds that plaintiffs never effectively exercised their option to purchase, with the result that defendants are not now bound to convey the real estate in question.

With regard to the question of the exercise of the option, plaintiffs allege that the option was exercised by a letter dated December 23, 1970, directed to defendants herein. Defendants' new matter and plaintiffs' reply agree that plaintiffs forwarded to defendants an additional notification dated January 6, 1971. Plaintiffs' reply avers that this letter of January 6, 1971, is merely a request by plaintiffs to defendants to clear the title in order that the purchase might be consummated.

The sole question for determination is whether or not the letter of December 23, 1970, and/or the letter of January 6, 1971, are effective notification of the exercise of the option.

The general law covering a determination of this question holds that acceptance must express a present intent and must not be merely a statement of future contemplated action: Detwiler v. Capone, 357 Pa. 495, 55 A. 2d 380 (1947). The acceptance

must be unconditional, unequivocal and positive in order to be effectual: Vendor and Purchaser, 91 C.J.S. §10 (1955); 8 P.L.Encyc., Contracts §24 (1971).

In the present case, were the two letters in question expressions of a present intent and unconditional acceptance or rather were they conditional and statements of a future contemplated action?

In Detwiler v. Capone, supra, the court discussed the phrase "now desire to exercise the option." The lower court had held that the word "desire" contemplated future action but the appellate court reversed stating that they had no doubt of plaintiffs' intention immediately to exercise the option through the use of that wording. In the case at bar the effective language to which defendant points in taking the position that plaintiffs here contemplated future action is the same in both letters mailed by plaintiffs' counsel to defendants. The language here is: "I wish to inform you that . . . [plaintiffs] intend to exercise their option right to purchase . . ." This must certainly be contrasted with Detwiler in that there the use of the word "now" connoted immediate and present intent whereas the word "intend" used here, by dictionary definition, has the decidedly future connotation. This alone, however, is not conclusive in such cases. "Subsequent acts of the parties may aid in determining the meaning intended and understood.": 1A Corbin on Contracts 524 §264. In attempting to determine the question of whether or not plaintiffs' letter of December 23, 1970, was intended to be operative acceptance, we, therefore, look to a subsequent act of plaintiffs to determine the meaning intended — that subsequent act being plaintiffs' letter of January 6, 1971, which, again,

contained the same type language. It appears obvious to the court that had plaintiffs considered the letter of December 23, 1970, to be an acceptance of the agreement, then they would not have again expressed to defendants an intention to exercise the option rights. Not only was such an expression included in the notice of January 6, 1971, but also, in that letter, plaintiffs stated that they intend to exercise their option rights "except as conditioned below."

In interpreting these two letters it appears obvious to the court that the letter of December 23, 1970, was not intended as an effective and immediate exercise of the option nor was the letter of January 6, 1971. This position is strengthened by the belief that had plaintiffs herein refused to purchase following the giving of the two notices mentioned, defendants herein would not have been entitled to require specific performance of them.

We shall grant defendants' motion for judgment on the pleadings.

## ORDER

Now, May 25, 1972, in accordance with the Opinion filed herewith, it is hereby ordered, adjudged and decreed that defendants' motion for judgment on the pleadings be granted.

HENDERSON, *P. J.*, January 29, 1975—This is an equity case in which plaintiffs seek specific performance of a contract to purchase real estate. Plaintiffs take the position that in accordance with all of the terms of the contract they properly exercised an option to purchase the real estate. The defense to this action is that the option contract was never properly exercised and therefore the owners

of the real estate are not required or obligated to convey this property to plaintiffs.

After the pleadings were filed, a motion for judgment on the pleadings was granted and judgment was later entered. Thereafter plaintiffs filed exceptions to the court order granting the motion for judgment on the pleadings. This was followed by defendants filing a motion to strike off the exceptions on the grounds that the granting of the judgment on the pleadings was a final order and that exceptions did not properly lie. Following this, plaintiffs filed a motion for a nunc pro tunc stay of the court order granting the judgment on the pleadings, with leave to reargue before the court en banc.

We find that the court order granting defendants' motion for judgment on the pleadings is a final order and that exceptions to such order do not lie. Francis v. John A. Brashear Merged School District, 435 Pa. 589 (1969), held that judgment entered on a motion for judgment on the pleadings was a final judgment from which the statutory period for appeal began immediately to run. If no order was entered staying the proceedings, the granting of a motion for reargument did not open the judgment or extend the time for appeal. Therefore, the filing of the exceptions to the court's order were a nullity and should be stricken off.

Plaintiffs' nunc pro tunc motion is based on the allegation that one of plaintiffs' counsel was incapacitated by illness over a portion of the period involved, that his co-counsel solicited the court's informal advice as to what procedure to follow and that he was misled by the court as to the proper procedure. The fact that one of plaintiffs' lawyers was ill and incapacitated is not helpful at this point since throughout the entire case, from the initial

filing thereof, two lawyers of record in this court represented plaintiffs on the record of the case and all papers were filed by both attorneys. With regard to the allegation that the court misled counsel in the case, it is recognized by all that it is not the function of the court to give informal advice on procedure to a lawyer with reference to any particular case, but that in most instances when a court's advice is informally solicited by counsel a discussion will result in which the court's informal thinking on the question is probably expressed. Should counsel elect to interpret or follow such an informal expression of opinion without further reference to the rules or the law, counsel must then certainly accept the risk that such advice or informal expression of opinion may be incorrect.

Plaintiffs' motion for a nunc pro tunc stay with leave to argue before the court en banc is a request for something to which plaintiffs would not have been entitled even if they had filed an appropriate motion or petition within the time prescribed by the Rules of Civil Procedure. There is no requirement that a court hear motions for judgment on the pleadings en banc and, on such motions, any judge of the court is completely authorized to make a determination. See Davis v. Pennzoil Company, 438 Pa. 194 (1970).

Plaintiff suggests that the court should treat plaintiffs' exceptions as a motion for reargument. We find nothing in the exceptions warranting a reargument or a reopening of the case. Plaintiffs' exceptions as filed simply express disagreement with the court's findings and opinion and set forth nothing new. We have reviewed all of the pleadings in the case together with our opinion filed at the time the judgment was granted, and find

nothing in the exceptions of plaintiff which would justify an opinion of the court contrary to that previously filed.

We shall file an order herewith granting defendants' motion to strike off the exceptions, and refusing plaintiffs' motion for a nunc pro tunc stay together with the leave to argue before the court en banc.

## ORDER

Now, January 29, 1975, it is hereby ordered, adjudged and decreed that plaintiffs' motion for a nunc pro tunc stay with leave to reargue is hereby refused, and defendants' motion to strike off the exceptions is hereby granted.