461 A.2d 619

**John R. GRIEBER, Jr. and M. Lois Grieber, Husband and Wife, Appellants,**

v.

**Harry L. SCOTT and Alice R. Scott, Husband and Wife.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1981.

Filed April 29, 1983.

Reargument Denied July 12, 1983.

Petition for Allowance of Appeal Granted Oct. 4, 1983.

J. Jay Cooper, Harrisburg, for appellants.

Delano M. Lantz, Harrisburg, for appellees.

Before BROSKY, McEWEN and BECK, JJ.

McEWEN, Judge:

We here consider an appeal from the order of the Chancellor granting the motion of appellees for summary judgment and thereby denying the application of appellants for the specific performance of an alleged agreement for the sale of real property. We affirm.

The sole question presented in the brief of appellants is: Was it proper to sustain Defendant-Appellees' Motion for Summary Judgment on grounds that the Statute of Frauds bars specific performance of the Agreement of Sale of August 16, 1979?

The agreement of sale we here study was drafted by appellant, John R. Grieber, Jr., a non-practicing attorney, at the request of appellee Harry L. Scott, was duly executed by the parties and provided, inter alia:

Witness that the Seller does hereby bargain and sell unto the said Buyer, and the latter does hereby purchase from the former the following described property ... for the price of Two Hundred Thousand Dollars ($200,000.00) of which Five Hundred Dollars ($500.00) have [sic] been paid prior to the signing hereof, and the balance to be paid as follows:

1. Balance of One Hundred Ninety-Nine Thousand Five Hundred Dollars ($199,500.00) shall be paid to Harry L. Scott and Alice R. Scott in the form of a mortgage for twenty (20) years at an interest rate of 9%.

2. Settlement to be held by November 1, 1979.

It was, as is noted in the affidavit filed by appellant in connection with the summary judgment proceeding, quite a deliberate decision of the parties to refrain from inclusion in the agreement of the actual terms of payment for the reason that the seller wished to confer with his counsel.

After postponing the date of settlement, appellees eventually refused to settle. Thereafter, appellants commenced this action in equity seeking specific performance of the purported agreement. Appellees pleaded in New Matter the defense of the Statute of Frauds alleging "that the terms of payment [were] not specifically set forth in the August 16, 1979 agreement."

The Pennsylvania Rules of Civil Procedure provide that a motion for summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). There is no genuine issue as to any material fact and the distinguished President Judge Oscar F. Spicer determined that appellees were entitled to judgment as a matter of law.

Appellees contend the Common Pleas Court properly concluded that the instant agreement did not satisfy the Statute of Frauds since the agreement did not express an essential term of the agreement, namely, the mode of the payment of the purchase money mortgage which was to be delivered in the amount of $199,500.00 toward the purchase price of $200,000.00.

Appellants contend the agreement is clearly enforceable on its face since it was signed by the appellees and contained all of the essential elements of a contract. Appellants rely upon the decision of the Pennsylvania Supreme Court in *Detwiler v. Capone*, 357 Pa. 495, 55 A.2d 380 (1947) as controlling authority. The agreement in *Detwiler* provided:

The lessor hereby gives the lessees the first option to buy the said property described herein, for the consideration

of $13,000.00. The lessor will take $3,000.00 cash as down payment and take the mortgage himself for the balance of $10,000.00.

The *Detwiler* court said:

[P]laintiffs agreed to pay the full purchase price in exchange for a deed in the usual form conveying the demised premises to them in fee simple. If defendant chose to accept a mortgage in preference to payment of the entire consideration in cash upon transfer of legal title, plaintiffs would be obliged to reduce the principal debt within a reasonable time and pay the legal rate of interest.

At first glance, an application of the *Detwiler* decision to the instant agreement would appear to render it a valid contract since it could well be urged that the provision for a twenty (20) year mortgage at a rate of 9% interest obliges appellants "to reduce the principal debt within a reasonable time" at a specified rate of interest. Upon closer consideration, however, it is clear that *Detwiler* is not applicable. We so conclude since it is not possible for the court here to imply that the balance would be payable within a reasonable time. Rather, the parties have precluded such a determination by their agreement that the actual terms of the payment of the mortgage were not to be included in the agreement for the reason that the appellees wished to seek professional assistance as to the most advantageous payment schedule for tax purposes.

It would appear that most jurisdictions hold that a writing which wholly fails to state or indicate how or when the balance of the purchase price is to be paid is not sufficient to satisfy the Statute of Frauds. While this view prevails, other jurisdictions hold that a writing which does not specify the time of payment or fails to indicate when the balance of the price is to be paid is not for that reason insufficient since the law will presume or imply that a payment is to be made within a reasonable time and that the time for the payment of the balance is a matter to be established by

proof disclosing the surrounding conditions and circumstances. *See* 72 Am Jur 2d, *Statute of Frauds*, § 353.

We need not here decide whether Pennsylvania should follow the majority or the minority view, or even whether the Pennsylvania Supreme Court in *Detwiler v. Capone, supra,* reflects that Pennsylvania must be numbered as adhering to the minority approach. Such tasks are here unnecessary since the parties specifically agreed to later contract upon the terms of the mortgage and thereby precluded any presumption that the payment was to be made within a reasonable time. Our study of this appeal leads us to share the following conclusions of the learned chancellor:

> It appears clear the parties to this action considered the mode of payment an important consideration, not just a minor detail. We know that income tax implications are matters of serious consideration which sometimes take on the aspect of the tail wagging of a dog in contract terms. What might be reasonable in one situation in this highly technical field might be outrageous in another. We hardly feel competent to judicially determine the plaintiffs' circumstances. To perform that task the court would have to essentially complete the agreement for the parties.

We are compelled to the conclusion that certain essential terms are not set forth in the agreement and that, therefore, the writing does not satisfy the Statute of Frauds. *See, Prager v. McAdam*, 399 Pa. 405, 161 A.2d 39 (1960), *rev'd on procedural grounds, Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965).

Order affirmed.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I respectfully dissent. Under the facts of this case, I would find that the sale should take place under the court's compulsion. There is no statute of frauds disability here.

Nor is there any other fatal defect—such as indefiniteness—which would prevent the enforcement of what was obviously meant by the parties to be a binding contract.

The case of *Detwiler v. Capone*, 357 Pa. 495, 55 A.2d 380 (1947), is on point here and should govern the disposition of the statute of frauds issue. The majority opinion casts some doubt on the continuing vitality of *Detwiler*. I am not clear why there should be any question on this matter. *Detwiler*, held, *inter alia*, that a contract for the sale of land[1] does not fail to meet the statute of frauds due to an absence of terms regarding the length of time of the mortgage and the amount of interest to be paid. There can be no doubt that those missing terms are of considerably greater practical importance that the term missing in the instant case: the amortization of principal.

*Detwiler* is, admittedly, a relatively old case—1947. However, old law is not necessarily invalid law. Precedent retains much of its force notwithstanding the passage of time. Only intervening decisions distinguishing the holding of an opinion, or an overruling by a court with the capacity to do so[2] can substantially weaken an opinion's binding strength. No such intervening cases have done this to *Detwiler*. We are bound by the voice of the Pennsylvania Supreme Court echoing from the past as long as closer and, therefore, louder voices from that court do not speak on the same point.

The majority opinion goes on to conclude that the gap filler indicated in *Detwiler* cannot be properly applied here.[3] Where the term is entirely empty, the court will determine what a "reasonable" amortization of principal would be. Here, the majority argues, the term is not completely blank.

**1.** Specifically, the contract in *Detwiler* was an option contract, which the *Detwiler* court equated with a contract for the sale of land—such as the one before us.

**2.** *Detwiler* is a Pennsylvania Supreme Court case and we therefore lack the power to overrule it or to ignore it where it is applicable.

**3.** On this issue, the problem is one of the law of contracts in general and no longer one involving the statute of frauds.

I agree. The parties made reference to the means by which the term would be established: the most advantageous method for purposes of taxation for the seller. But the majority goes on to conclude from the inclusion of this reference point, this yardstick, that the court is entirely unable to fill the gap and enforce the contract. Here I must, respectfully, disagree.

The inclusion of the yardstick means, simply, that the court is in even a better position to fill in the missing term. It is, by reference to the taxation standard, now only a partial gap. On remand, the court can take evidence from appellant's and appellee's experts about the most advantagous method for the principal to be amortized and thus determine what that term should be.

In the last twenty years, the law of contracts has placed a greater emphasis on the consummation of sales. The acceptance of the Uniform Commercial Code has been a prime influence in this trend. While only strictly applicable to the sale of goods, and thus not to the sale of land before us, Article 2 of that Code can be most instructive here. Its conceptual approach has influenced the law of contracts generally and with good effect. Section 2–204(3) of the Code states:

> Even if one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy.[4]

In commenting on the rationale for this section, one treatise notes: "All too often in the past a contracting party, dissatisfied with his bargain, has taken refuge in the doctrine [of indefiniteness] to renounce his agreement. Rarely did the uncertainty itself cause the dissatisfaction." Calamari and Perillo The Law of Contracts, 1977. I cannot, of course, say that this was the motivation of the instant

---

**4.** This statement is, strictly speaking, equivalent to Sections 32 and 33 of the First and Second Restatements of Contracts respectively. However, the emphasis in the UCC is on the positive—finding a contract— while the phrasing of the Restatements is in the negative—when a contract cannot be found.

appellee. Of other things, such as the proper result in this case, I am more certain.

The intent to make a contract, the basis for filling the partial gap and the absence of any statute of frauds bar, together oblige me to conclude that specific performance should have been granted in the instant case.

I vote to reverse.